PEOPLE v McPETERS

Docket No. 78232. Submitted July 11, 1989, at Grand Rapids. Decided
   November 7, 1989. Leave to appeal denied, 434 Mich —.

   David Reuben McPeters was charged in Kalamazoo Circuit Court
      with two counts of first-degree murder, assault with intent to
      commit murder, and three counts of possession of a firearm
      during the commission of a felony. Defendant filed a notice of
      insanity defense and defense counsel hired Dr. Tanay, a psychi-
      atrist, to examine defendant and testify at trial regarding
      defendant's mental state at the time of the crimes. Dr. Tanay
      examined defendant and concluded that he was mentally ill at
      the time of the crimes and, due to his mental illness, was
      unable to appreciate the wrongfulness of his conduct or adhere
      to the requirements of the law. Defense counsel sought the
      court's approval for payment of Dr. Tanay's trial fee and for a
      second psychiatric examination. The court, Charles H. Mullen,
      J., ordered that Dr. Tanay was to be paid the same amount as
      witnesses subpoenaed by the prosecution and denied fees for a
      second examination. Dr. Tanay informed defense counsel that
      his fee would be $100 per hour for evaluation, testimony and
      preparation of defendant's case and asked defense counsel to
      secure a court order appointing him as an expert witness and
      providing for his requested fee. When defense counsel was
      unable to secure an order providing for the requested fee, Dr.
      Tanay informed defense counsel and the court that he had no
      independent recollection of defendant's case and that he would
      not prepare or testify unless paid his requested fees. At trial,
      Dr. Tanay testified that he did not remember examining defen-
      dant and refused to cooperate with efforts to refresh his mem-
      ory. Defense counsel moved for permission to have another
      independent psychiatric examination of defendant on the basis
      that Tanay's testimony was inadequate. The motion was de-
      nied. Following trial, defendant was found to be guilty but
      mentally ill as to four crimes: second-degree murder, voluntary

REFERENCES

Am Jur 2d, Criminal Law §§ 66, 270, 984, 985, 1006.
See the Index to Annotations under Double Jeopardy; Incompetent
   and Insane Persons; Instructions to Jury; Lesser Included Offen-
   ses; Poor Persons.

manslaughter, assault with intent to commit murder, and felony-firearm. Defendant appealed.

The Court of Appeals *held:*

1. The court erred in refusing to either pay Dr. Tanay's requested fee or appoint another psychiatric expert witness for the defense. The court's failure to remedy the problem violated defendant's statutory right to an independent psychiatric evaluation and denied him due process of law. Defendant's convictions must be reversed and his case remanded for a new trial at which the fee dispute with Dr. Tanay will be resolved or another expert witness of defendant's choice will be appointed.

2. On remand, the court shall not instruct the jury regarding the disposition of defendants found not guilty by reason of insanity and guilty but mentally ill.

3. Defendant was convicted of second-degree murder, therefore double jeopardy bars his retrial for first-degree murder charges arising out of the crimes at issue.

Reversed and remanded for further proceedings.

1. Criminal Law — Indigent Defendants — Defenses — Insanity.

An indigent criminal defendant who has made a preliminary showing that his sanity at the time of the crime is likely to be a significant issue at trial must be provided, at a minimum, access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense.

2. Criminal Law — Indigent Defendants — Defenses — Insanity.

The purpose of the statute which provides that a defendant may, at his own expense or, if indigent, at the expense of the county, secure an independent psychiatric evaluation by a clinician of his choice on the issue of his insanity at the time the alleged offense was committed is to give an indigent defendant the opportunity to prepare an insanity defense at public expense by the appointment of an expert, chosen by the defendant, who may testify as to the underlying medical basis for the defense (MCL 768.20a[3]; MSA 28.1043[1][3]).

3. Criminal Law — Indigent Defendants — Defenses — Insanity — Psychiatrist's Fees — Due Process.

The refusal of a trial court to either approve· a psychiatrist's requested fees to cooperate in an indigent defendant's insanity defense or appoint another psychiatrist as an expert witness to prepare and present the defendant's insanity defense violated the defendant's statutory right to an independent psychiatric evaluation and denied him due process of law (MCL 768.20a[3]; MSA 28.1043[1][3]).

4. CRIMINAL LAW — JURY INSTRUCTIONS — NOT GUILTY BY REASON OF
    INSANITY — GUILTY BUT MENTALLY ILL.

> A jury may no longer be instructed with respect to the disposition
> of a defendant found to be not guilty by reason of insanity or
> guilty but mentally ill.

5. CRIMINAL LAW — DOUBLE JEOPARDY.

> A defendant charged with a crime but convicted of a lesser
> included offense may not be retried on the original charge
> following reversal of his conviction on the lesser included
> offense.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Carrie L. Klein,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *F. Martin Tieber*), for defendant on appeal.

Before: MICHAEL J. KELLY, P.J., and WAHLS and HOLBROOK, JR., JJ.

PER CURIAM. After a jury trial, defendant was found guilty but mentally ill of four crimes: second-degree murder, MCL 750.317; MSA 28.549, voluntary manslaughter, MCL 750.321; MSA 28.553, assault with intent to commit murder, MCL 750.83; MSA 28.278, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). The court sentenced defendant to two life sentences for the second-degree murder and assault with intent to commit murder convictions, ten to fifteen years for the voluntary manslaughter conviction, plus two years for the felony-firearm conviction. Defendant appeals from his convictions as of right. We reverse his convictions.

In April of 1982, defendant shot dead his estranged wife and her aunt. Defendant also shot and wounded his wife's employer, but did not kill

him. Defendant was charged with two counts of first-degree murder, assault with intent to commit murder, and three counts of felony-firearm.

In June of 1982, defendant filed a notice of insanity defense. At trial, defendant presented numerous witnesses who testified to the effect that defendant suffered severe personality changes following a succession of calamitous events. Defendant also presented the testimony of Dr. Ismailogu, a psychiatrist who treated him from August to October of 1981. Dr. Ismailogu testified that there was no question that defendant was mentally ill in August of 1981, but he could not speak as to the state of defendant's mental health after October of 1981.

Defendant was not able to present expert testimony regarding his mental state at the time of the crimes. Defendant originally retained counsel to defend him. Defendant's retained counsel hired a psychiatrist, Dr. Tanay, to testify at trial regarding defendant's insanity at the time of his crime. Dr. Tanay examined defendant in August of 1982 and composed a report wherein he concluded that defendant was mentally ill at the time of his crimes and that, due to his mental illness, defendant was unable to appreciate the wrongfulness of his conduct or adhere to the requirements of the law. In May of 1983, defendant's retained counsel moved the court to approve payment of Dr. Tanay's trial fee and for a second psychiatric examination. The circuit court ordered that Dr. Tanay be paid the same amount as witnesses subpoenaed by the prosecution and denied fees for a second examination. Defendant's retained counsel later petitioned the court to withdraw, based upon defendant's inability to pay his attorney fees. The circuit court permitted defendant's retained attor-

ney to withdraw and appointed new counsel to represent defendant.

In August of 1983, Dr. Tanay contacted defendant's appointed counsel and informed him that his fee would be $100 per hour for evaluation, testimony and preparation of defendant's case. Tanay asked defense counsel to secure a court order appointing him as an expert witness and providing for his requested fee. When defense counsel failed to secure an order providing for the requested fee, Dr. Tanay informed defense counsel and the court that he had no independent recollection of defendant's case and that he would not prepare or testify unless paid his requested fees.

Defense counsel moved for expert witness fees over and above allowable scheduled fees to pay for Dr. Tanay's testimony. The court denied the motion and ordered that Tanay be paid $353.60 for a trial appearance. The court also ordered that subpoenas be served upon Tanay ordering him to appear. This resulted in a deplorable *intervenire* which obscured the main event.

When subpoenaed, Tanay stated that he had no recollection of anything pertaining to defendant's case and asked the court to release him as an expert witness. The court refused because it was not practical to secure another expert witness for defendant that late in the proceedings. At trial, Dr. Tanay testified that he did not remember examining defendant. After defense counsel attempted to refresh Tanay's memory with his written report, Tanay still asserted he had no recollection of the case. Out of the presence of the jury, defense counsel, in order to refresh Tanay's memory, played tape recordings made by Tanay when he interviewed defendant. Tanay refused to listen to the tapes, at one point covering his ears with his hands.

Finally, the jury was recalled, and defense counsel read Dr. Tanay's report into the record. On cross-examination, the prosecutor attacked Dr. Tanay's lack of memory and asked him why he did not have the information upon which he based his findings. Defense counsel objected to this cross-examination, but the court overruled his objections. The prosecutor also attacked Tanay's lack of memory in his closing argument. Following Tanay's testimony, defense counsel moved to permit another independent psychiatric examination of defendant on the basis that Tanay's testimony was inadequate. The circuit court denied the motion.

I

Defendant first argues that his convictions must be reversed because he was denied due process of law when the circuit court refused to either pay Dr. Tanay's fee or appoint another psychiatric expert witness for the defense. We find the alternative attempt to force Tanay's testimony was prejudicial to the defendant, resulting in error requiring reversal.

In *Ake v Oklahoma,* 470 US 68, 74; 105 S Ct 1087; 84 L Ed 2d 53 (1985), the United States Supreme Court held that, when an indigent defendant has made a preliminary showing that his sanity at the time of the crime is likely to be a significant issue at trial, the state must provide the defendant access to a psychiatrist to prepare for this issue. The Court held that in such cases

the State must, at a minimum, assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense. This is not to say, of course, that the indigent defendant has a constitutional right to

choose a psychiatrist of his personal liking or to receive funds to hire his own. [470 US 83.]

MCL 768.20a(3); MSA 28.1043(1)(3) provides:

The defendant may, at his or her own expense, or if indigent, at the expense of the county, secure an independent psychiatric evaluation by a clinician of his or her choice on the issue of his or her insanity at the time the alleged offense was committed. The defendant shall notify the prosecuting attorney at least 5 days before the day scheduled for the independent evaluation that he or she intends to secure such an evaluation. The prosecuting attorney may similarly obtain independent psychiatric evaluation. A clinician secured by an indigent defendant shall be entitled to receive a reasonable fee as approved by the court.

The purpose of this statute is to give an indigent criminal defendant the opportunity to prepare a defense of insanity at public expense by the appointment of an expert witness, chosen by defendant, who may testify as to the underlying medical basis for the defense. *People v Dumont,* 97 Mich App 50, 54; 294 NW2d 243 (1980).

Defendant's sanity at the time of his crimes was the significant question at his trial. However, defendant was not given meaningful access to a clinician of his choice to assist him in the evaluation, preparation, and presentation of his insanity defense. Although Dr. Tanay did examine and evaluate defendant in August of 1982, he refused to help defendant present and prepare his defense due to the fee dispute. Tanay's trial testimony was actually quite detrimental to the defense due to his lack of memory and refusal to do anything but authenticate his reports. Tanay's failure to cooperate with the defense in the absence of his requested fees was apparent prior to trial and should

have been remedied by either permitting a greater fee under MCL 775.13a; MSA 28.1250(1) or appointment of a different expert witness to help defendant prepare and present his defense. The circuit court's failure to remedy the problem violated defendant's right under MCL 768.20a(3); MSA 28.1043(1)(3) and denied him due process of law. The circuit court's attempt to coerce Dr. Tanay's cooperation by use of its contempt powers we do not address because another panel of this Court frustrated that attempt, though without explanation, and the law of the case doctrine precludes our reexamination. We therefore reverse defendant's convictions and remand his case for a new trial. On retrial, we direct the circuit court either to resolve the fee dispute with Dr. Tanay to permit his testimony or to appoint an expert witness of defendant's choice to prepare and present defendant's insanity defense pursuant to MCL 768.20a(3); MSA 28.1043(1)(3).

II

Defendant next claims that the circuit court committed several errors in instructing the jury and that the errors require reversal of his convictions.

Defendant argues that the court erred by instructing the jury regarding the disposition of defendants found not guilty by reason of insanity and guilty but mentally ill. Such an instruction is now improper under our Supreme Court's holdings in *People v Ramsey,* 422 Mich 500, 519-520; 375 NW2d 297 (1985), and *People v Goad,* 421 Mich 20, 37; 364 NW2d 584 (1984). However, this rule became effective after the jury in this case was instructed. Violation of the rule therefore does not by itself require reversal of defendant's convic-

tions. On remand, the circuit court will not instruct the jury regarding the disposition of these verdicts.

Defendant claims that the circuit court erred by failing to give the preliminary instruction on the definitions of mental illness and legal insanity required by MCL 768.29a(1); MSA 28.1052(1)(1). We note that the record reveals that the court did give this instruction, and defendant now concedes this issue.

Finally, defendant argues that the circuit court erred by giving the jury "building block" instructions on the elements of murder, instead of separately defining first- and second-degree murder. Defendant was convicted of second-degree murder, so double jeopardy bars his retrial on first-degree murder charges arising from these crimes. *Price v Georgia*, 398 US 323, 327; 90 S Ct 1757; 26 L Ed 2d 300 (1970). Therefore this instructional issue will not recur on remand and need not be addressed.

Reversed and remanded for further proceedings consistent with this opinion.